UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRIDGET RICHARD                                      CIVIL ACTION

VERSUS                                               NO. 09-6788

HOSPITAL HOUSEKEEPING                                MAGISTRATE JUDGE
SYSTEMS, GP, L.L.C. ET AL.                           JOSEPH C. WILKINSON, JR.

### ORDER AND REASONS

Defendants' Motion in Limine to Strike Plaintiff's Lost Wages Claim, Record Doc. No. 18, is pending before me. Plaintiff filed an opposition memorandum, Record Doc. No. 19, and defendant was permitted to reply. Record Doc. No. 23. Having considered the record, the applicable law and the written submissions of counsel, **IT IS ORDERED** that the motion is GRANTED IN PART AND DENIED IN PART for the following reasons.

By order dated March 9, 2010, Record Doc. No. 8, the court set a deadline of October 7, 2010, for the completion of all discovery. That deadline was confirmed by order dated May 6, 2010. Record Doc. No. 15. In a direct answer to defendant's Interrogatory No. 6 submitted on June 7, 2010, Record Doc. No. 18-4, Exhibit A at p. 3 of 4, plaintiff unambiguously stated that "she is not making a claim for lost wages" in this case. Less than a week later, she confirmed that answer under oath during her

deposition. Record Doc. No. 18-5, Exhibit B at p. 2 of 2. On October 18, 2010, 11 days after the discovery deadline, with only 17 days remaining until the final pretrial conference and less than a month before trial, plaintiff submitted a supplemental interrogatory answer stating that, despite her previous discovery responses, including her deposition testimony under oath, she is seeking lost wages that allegedly occurred more than a year ago, from January to September 2009. Record Doc. No. 18-7, Exhibit C at p. 2 of 3.

Fed. R. Civ. P. 26(e)(1)(A) requires that a party "must supplement or correct its disclosure or [interrogatory] response <u>in a timely manner</u> if the party learns that in some material respect the disclosure or response is incomplete or incorrect. . ." This obligation must be met "with special promptness as the trial date approaches." Official Notes to 1993 Amendments to the Federal Rules of Civil Procedure, <u>Federal Civil Judicial Procedure and Rules</u> at 164 (West 2010 ed.). "If a party fails to provide information . . . as required by Rule 26 . . . (e), the party is <u>not</u> allowed to use that information . . . or to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: <u>may</u> order payment of the reasonable expenses, including attorney's fees, caused by the failure; . . ." Fed. R. Civ. P. 37(c)(1)(A) (emphasis added).

Where–as here–the court has entered a scheduling order setting a deadline for the completion of discovery, the schedule "may be modified only for good cause <u>and</u> with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." <u>S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA</u>, 315 F.3d 533, 535 (5th Cir. 2003). In considering whether to extend its Rule 16 deadlines, the court should consider four factors: (1) the explanation for the failure to comply with the deadlines; (2) the importance of the requested extension; (3) potential prejudice in allowing the extensions; and (4) the availability of a continuance to cure such prejudice. <u>Nunez v. United States Postal Serv.</u>, 298 Fed. Appx. 316, 2008 WL 4726247, at *2 (5th Cir. 2008) (district court did not abuse discretion in denying leave to designate experts beyond the scheduling order deadline); <u>Hamburger v. State Farm Mut. Auto. Ins. Co.</u>, 361 F.3d 875, 883-84 (5th Cir. 2004) (court did not abuse discretion in barring testimony of late-designated expert witness); <u>Metro Ford Truck Sales, Inc. v. Ford Motor Co.</u>, 145 F.3d 320, 324 (5th Cir. 1998) (district court did not abuse discretion in denying leave to designate expert and file expert report after deadline); <u>Campbell v. Keystone Aerial Surveys, Inc.</u>, 138 F.3d 996, 1000-01 (5th Cir. 1998) (district court abused discretion in allowing late-designated expert to testify at trial without having considered the four factors).

I find that plaintiff's explanation for her failure, "mis-communication" between her and her counsel or a failure to realize earlier that she had provided an incorrect interrogatory answer, is wholly unpersuasive, particularly in light of the deposition testimony she gave confirming the incorrect answer, coupled with the timing of her discovery responses, a year <u>after</u> she allegedly incurred these lost wages. While her lost wages claim may now seem important, it clearly was not at the time she provided the interrogatory answer and deposition testimony three months before her change of view. Trial is set to occur in less than two weeks. Defendant was mislead in its discovery efforts and trial preparation by plaintiff's incorrect interrogatory answer and deposition testimony and is severely prejudiced. A continuance is not available at this late date.

In this case, plaintiff failed to meet her Rule 26(e) obligation to supplement her incorrect interrogatory answer "in a timely manner." She has not demonstrated diligence. Her failure was especially egregious in light of her incorrect deposition testimony concerning the same information and her delay until after the discovery deadline and on the eve of trial to correct it. Weighing the applicable Rule 16 factors weighs heavily against permitting this late change to her case. Plaintiff's failure to comply with her discovery obligations was neither substantially justified nor harmless. Accordingly, the motion is granted in part in that plaintiff is hereby prohibited from introducing any evidence at trial concerning any alleged lost wages. Fed. R. Civ. P. 37(c)(1).

The motion is denied in part insofar as it seeks an award of attorney's fees and costs in addition to the evidentiary sanction awarded above. Such an additional award is purely discretionary, as indicated by use of the word "may" in Rule 37(c)(1)(A), Having imposed the more serious sanction for plaintiff's breach of her discovery obligations, I decline to compound the sanction by adding a monetary award.

New Orleans, Louisiana, this \_\_\_3rd\_\_\_ day of November, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE